**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **RYAN J. SALO** | ) | CASE NO. |
| 3709 Sea Ray Cove | ) |  |
| Aurora, Ohio 44202 | ) | JUDGE |
|  | ) |  |
| Plaintiff | ) | MAGISTRATE JUDGE |
|  | ) |  |
| v. | ) | **JURY DEMANDED HEREIN** |
|  | ) |  |
| **JETBLUE AIRWAYS CORPORATION** | ) |  |
| c/o Statutory Agent | ) |  |
| Corporate Services Company | ) |  |
| 3366 Riverside Drive | ) |  |
| Suite 103 | ) |  |
| Upper Arlington, Ohio 43221 | ) |  |
|  | ) |  |
| and | ) |  |
|  | ) |  |
| **JOHN AND JANE DOES** | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

## COMPLAINT

Pursuant to FED. R. CIV. P. 8 and applicable rules, Plaintiff Ryan J. Salo ("Salo") alleges

the following against Defendants JetBlue Airways Corporation, John Does, and Jane Does

(collectively, "Defendants"):

1

**INTRODUCTION**

1.     Salo asserts the following 42 U.S.C. §§ 1983, 1985, 1986, and 1988 federal law claims against Defendants, joint and severally, for violating the following laws: First Amendment (Count One), Fourth Amendment Privacy Clause (Count Two), Fourth Amendment Seizure Clause (Count Three), Procedural Due Process Clause of the Fourteenth Amendment (Count Four), and Substantive Due Process Clause of the Fourteenth Amendment (Count Five) to the United States Constitution.

2.     Salo asserts the following state law claims against Defendants, joint and severally: breach of contract (Count Six), unjust enrichment (Count Seven), general negligence (Count Eight), false imprisonment (Count Nine), wrongful disclosure of confidential and personal information (Count Ten), public disclosure of private facts (Count Eleven), false light (Count Twelve), defamation (Count Thirteen), and intentional infliction of emotional distress (Count Fourteen).

3.     Salo reincorporates by reference the allegations set forth below as if fully rewritten herein.

**STATEMENT OF THE PARTIES**

4.     Salo reincorporates by reference the allegations set forth above and below as if fully rewritten herein.

5.     At all relevant times, Salo was and remains a person and citizen of the United States of America who resides at 3709 Sea Ray Cove, Aurora, Ohio 44202, which is located in the Northern District of Ohio, Eastern Division.

6.     At all relevant times, Defendants were actively conducting business in the Northern District of Ohio, Eastern Division.

7.  At all relevant times, JetBlue Airways Corporation was and remains an entity with the capacity to sue and be sued in its common name under applicable laws in the Northern District of Ohio, Eastern Division.

8.  As Ohio has more than one judicial district, JetBlue Airways Corporation resides in the Northern District of Ohio, Eastern Division.

9.  JetBlue Airways Corporation is a foreign corporation actively incorporated in Delaware since August 24, 1998, and actively licensed with the Ohio Secretary of State to conduct business in Ohio since September 11, 2006, pursuant to OHIO REV. CODE ANN. § 1703.04 and applicable laws.

10.  According to the records currently on file with the Ohio Secretary of State, the statutory agent and address for JetBlue Airways Corporation is currently Corporate Service Company, 3366 Riverside Drive, Suite 103, Upper Arlington, Ohio 43221.

11.  According to the records currently on file with the Ohio Secretary of State, the principal office for JetBlue Airways Corporation is 118-29 Queens Boulevard, Forest Hills, New York 11375.

12.  According to the records currently on file with the New York Secretary of State, the principal office for JetBlue Airways Corporation is 27-01 Queens Plaza North, Long Island City, New York 11101.

13.  According to the records currently on file with the New York Secretary of State, the chief executive officer and address for JetBlue Airways Corporation is Robin Hayes, JetBlue Airways Corporation, 27-01 Queens Plaza North, Long Island City, New York 11101.

14. According to the records currently on file with the New York Secretary of State, the process agent and address for JetBlue Airways Corporation is Zhu Wang, JetBlue Airways Corporation, 27-01 Queens Plaza North, Long Island City, New York 11101.

15. Upon information and belief, the attorney and address for JetBlue Airways Corporation is Michael P. Carbone, JetBlue Airways Corporation, 27-01 Queens Plaza North, Long Island City, New York 11101.

16. At all relevant times, John and Jane Does were officers and/or employees of JetBlue Airways Corporation whose names and addresses are unknown to Salo at this time, but known to JetBlue Airways Corporation.

17. As John and Jane Does were officers and/or employees of JetBlue Airways Corporation acting under color of legal authority, and no real property is involved herein, the instant action may be brought in the judicial district in which Salo resides, which is the Northern District of Ohio, Eastern Division.

**STATEMENT OF JURISDICTION AND VENUE**

18. Salo reincorporates by reference the allegations set forth above and below as if fully rewritten herein.

19. JetBlue Airways Corporation is subject to the jurisdiction and venue of this Honorable Court.

20. John and Jane Does are subject to the jurisdiction and venue of this Honorable Court.

21. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, as well as applicable laws, since one or more of the claims arise "under the Constitution, laws, or treaties of the United States."

22. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367, as well as applicable laws, since the state law claims are so related to the claims within which this Honorable Court has original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution."

23. Venue is conferred under 28 U.S.C. § 1391(a)-(e), as well as applicable laws, since Defendants are doing business in the Northern District of Ohio, Eastern Division.

24. JetBlue Airways Corporation may be served with summons and process under OHIO REV. CODE ANN. § 1701.07(H), as well as 28 U.S.C. § 1391(e)(2) and applicable laws, by leaving a copy with the statutory agent.

25. While the identities of John and Jane Does are unknown at this time, Salo shall amend this original pleading to relate back to the filing date within the timelines set forth by the applicable civil and local rules.

## STATEMENT OF THE FACTS

26. Salo reincorporates by reference the allegations set forth above and below as if fully rewritten herein.

27. Salo asserts federal and state law claims against Defendants, joint and severally, and the facts underlying each of these claims are pled herein and relate to a political speech mask, a true and accurate image of which is attached hereto and incorporated herein at **Exhibit A**.

### <u>Contract of Carriage</u>

28. At all relevant times, Defendants were conducting business in the Northern District of Ohio, Eastern Division.

29.     At all relevant times, Salo transacted business with Defendants in the Northern District of Ohio, Eastern Division including, but not limited to, reserving, accepting, and purchasing airline transportation departing from and returning to Ohio through Defendants pursuant to the terms and conditions of the contract of carriage, which was executed in the Northern District of Ohio, Eastern Division.

30.     At all relevant times, Salo complied with all applicable terms and conditions of the contract of carriage, as well as all applicable policies. A copy of the contract of carriage is attached hereto and incorporated herein as **Exhibit B**.

31.     By way of further example only, Salo complied with Section 24(a) of the contract of carriage, as well as all applicable policies, since Salo complied with all applicable government regulations and requests at all relevant times.

32.     By way of additional example only, Salo complied with Section 24(f)(1) of the contract of carriage, as well as all applicable policies, since Salo's conduct was never, at any relevant time, disorderly, abusive, offensive, threatening, intimidating, and/or violent.

33.     By way of further example only, Salo complied with Section 24(f)(1) of the contract of carriage, as well as all applicable policies, since Salo never, at any relevant time, wore clothing that was lewd, obscene, and/or patently offensive.

34.     By way of additional example only, Salo complied with Section 24(f)(6) of the contract of carriage, as well as all applicable policies, since Salo never, at any relevant time, failed to comply with instructions given by the station management, supervisory personnel, and/or uniformed flight crew of Defendants.

**Federal Mask Mandates and Enforcement**

35.  At all relevant times, the law required Salo to wear a mask while on the planes owned and operated by Defendants.

36.  On January 21, 2021, President Joseph R. Biden issued an Executive Order, *Promoting COVID-19 Safety in Domestic and International Travel*, requiring masks to be worn in airports and on commercial aircraft due to the COVID-19 pandemic and to reduce the spread of the virus.

37.  On January 27, 2021, the Acting Secretary of Homeland Security determined a national emergency existed requiring the Transportation Security Administration ("TSA") to issue security directives requiring owners/operators such as Defendants to both implement the Executive Order and enforce the related orders issued by the Centers for Disease Control and Prevention ("CDC").

38.  On January 19, 2022, TSA issued a series of security directives including, but not limited to, Security Directive Nos. SD 1542-21-01C, SD 1544-21-02C, and SD 1582/84-21-01C ("Security Directives") directing, compelling, coercing, and significantly encouraging owners/operators including, but not limited to, Defendants to exercise powers traditionally reserved exclusively to the state and to engage in conduct that can only be attributed to the state itself given the sufficiently close nexus between the state and owners/operators including, but not limited to, Defendants.

39.  By way of example only, the Security Directives directed, compelled, coerced, and significantly encouraged owners/operators including, but not limited to, Defendants to **mandate** that all individuals including, but not limited to, Salo, wear masks that comply

with CDC orders including, but not limited to, CDC Order, *Wearing of face masks while on conveyances and at transportation hubs*.

40.     By way of further example only, the Security Directives directed, compelled, coerced, and significantly encouraged owners/operators including, but not limited to, Defendants to **enforce** the mask mandate by (a) asking individuals not wearing masks to put masks on and, (b) if such individuals refuse to wear masks, escorting such individuals off the airplanes and from the airports and reporting such individuals in accordance with the Airport Security Program.

### March 3, 2022 and Political Speech Mask

41.     At all relevant times on March 3, 2022, Salo complied with all mask mandates including, but not limited to, the Security Directives while at the airports and on the planes owned and operated by Defendants.

42.     At all relevant times on March 3, 2022, the political speech mask worn by Salo complied with all applicable mask mandates including, but not limited to, the Security Directives and applicable CDC orders.

43.     On March 3, 2022, and while traveling from Cleveland, Ohio to Fort Lauderdale, Florida, Salo wore a mask proudly displaying the American flag and proclaiming, "Let's Go Brandon" through the airport, security, and check-in, as well as on a plane owned and operated by Defendants, without any incident.

44.     At all relevant times on March 3, 2022, the political speech mask worn by Salo complied with all applicable mask mandates including, but not limited to, the Security Directives and applicable CDC orders.

45.  Salo wore the political speech mask as the political statement that Salo is unhappy with the direction our Nation is heading under President Biden and this political statement was both known and understood by Defendants.

46.  As explained by The Washington Post, "The anti-President Biden mantra 'Let's go Brandon' has morphed from an inside joke among some conservatives to virtually an unofficial motto of the Republican Party, a way to insult the administration, voice anger about its tenure and signal irritation with the media." Annie Linskey, *How 'Let's go Brandon' became an unofficial GOP slogan*, WASH. POST (Nov. 15, 2021, https://www.washingtonpost.com/politics/lets-go-brandon-republicans/2021/11/14/52131dda-4312-11ec-9ea7-3eb2406a2e24_story.html.

47.  During the Ohio to Florida flight, Defendants admitted that this political speech mask was neither lewd, obscene, nor patently offensive.

48.  By way of example only, one of the uniformed flight crewmembers jokingly told Salo on the trip from Ohio to Florida that Salo should be glad that Salo was not on an Allegiant Airline flight or Salo would have been kicked off the Allegiant Airline flight for wearing the political speech mask.

### March 6, 2022 and Political Speech Mask Enforcement and Suppression

49.  At all relevant times on March 6, 2022, Salo complied with all mask mandates including, but not limited to, the Security Directives while at the airports and on the planes owned and operated by Defendants.

50.  At all relevant times on March 6, 2022, the political speech mask worn by Salo complied with all applicable mask mandates including, but not limited to, the Security Directives and applicable CDC orders.

51.    On March 6, 2022, Salo wore the political speech mask through the airport, security, and check-in without any incident.

52.    While on the plane owned and operated by Defendants and heading from Fort Lauderdale, Florida to Cleveland, Ohio, Salo wore the political speech mask.

53.    Once on the plane, Salo sat quietly wearing the political speech mask and headphones awaiting the plane to take off when Salo was approached by the uniformed flight crewmember, identified as "Michael," who demanded that Salo remove the political speech mask as directed, compelled, coerced, and significantly encouraged by the state.

54.    When Salo asked what rule Salo was breaking, the uniformed flight crewmember referred to Paragraph 24(f)(1) of the contract of carriage, which prohibits the wearing of clothing that is "lewd, obscene, and patently offensive" and only permits the wearing of masks as directed, compelled, coerced, and significantly encouraged by the state.

55.    Witnessing several passengers recording this suppression, Salo then asked the uniformed flight crewmember to make a record — on video — that Defendants were prohibiting Salo from wearing the political speech mask.

56.    In response and on behalf of Defendants, the uniformed flight crewmember proclaimed that Defendants found the political speech mask to be lewd, obscene, and patently offensive and demanded that Salo remove the political speech mask as directed, compelled, coerced, and significantly encouraged by the state.

57.    At all relevant times, Salo complied with all instructions given by the uniformed flight crewmember, removed the political speech mask, and replaced the political speech mask with the plain mask provided by Defendants.

58.    While Salo was silently relaxing in his seat thinking that the political speech suppression was finally over, the uniformed flight crewmember then ordered Salo off the airplane and from the airport as directed, compelled, coerced, and significantly encouraged by the state since Defendants found the political speech mask — not Salo — to be disorderly, abusive, offensive, threatening, intimidating, and violent.

59.    While Salo was forced off the plane by Defendants prior to getting the contact information of the passengers who were recording the political speech suppression, Salo subsequently discovered that the portion of the interaction wherein Salo was being forced off the plane was posted online and going viral on social media.

60.    After the online interaction went viral, Defendants admitted that the political speech mask was neither lewd, obscene, nor patently offensive.

### Post-March 6, 2022 Statements

61.    At all relevant times, Defendants were required to protect the privacy of Salo from disclosure of confidential and personal information.

62.    By way of example only, Section 39 of the contract of carriage, as well as all applicable policies, guarantees Salo privacy from disclosure of confidential and personal information by Defendants.

63.    Defendants disclosed confidential and personal information regarding Salo to the public.

64.    Defendants published false statements regarding Salo to the public.

65.    By way of example only, on or about March 9, 2022, Defendants provided the Daily Caller with the following statement, which was published by the Daily Caller online at https://dailycaller.com/2022/03/09/man-reportedly-kicked-off-jetblue-wearing-lets-go-brandon-mask (last accessed Feb. 3, 2023): "Our crewmembers are committed to ensuring

our customers are safe and comfortable and often must make proactive decisions to avoid issues once airborne.  The customer in this incident was ultimately asked to deplane not because of his face mask, but his behavior toward our crewmembers.  We are currently investigating the incident."

66.     Upon information and belief, Defendants improperly submitted an incident report against Salo as directed, compelled, coerced, and significantly encouraged by the state.

67.     Upon conclusion of the investigation, Defendants admitted that Salo was never disorderly, abusive, offensive, threatening, intimidating, and/or violent.

68.     At all relevant times since concluding the investigation, Defendants have refused to retract the false information published by Defendants.

69.     Salo reincorporates by reference the allegations set forth above and below as if fully rewritten herein.

### COUNT ONE (FEDERAL LAW CLAIM): FIRST AMENDMENT
### 42 U.S.C. §§ 1983, 1985, 1986, and 1988

70.     Salo reincorporates by reference the allegations set forth above and below as if fully rewritten herein.

71.     At all relevant times, Defendants were persons.

72.     At all relevant times, Defendants were the final policymakers.

73.     At all relevant times, Defendants were acting under the color of state law.

74.     At all relevant times, Defendants were exercising powers traditionally reserved exclusively to the state.

75.     At all relevant times, Defendants were compelled and coerced to act by the state — overtly and covertly — such that the choices of Defendants are that of the state.

76. At all relevant times, Defendants were significantly encouraged to act by the state — overtly and covertly — such that the choices of Defendants are that of the state.

77. At all relevant times, there is a sufficiently close nexus between the state and Defendants' conduct so that the conduct may be fairly attributed to the state itself.

78. Salo brings this claim against Defendants pursuant to 42 U.S.C. § 1983 for violations of the First Amendment to the United States Constitution ("First Amendment"), which protects individuals from adverse action based upon speech on matters of public concern.

79. Salo also brings this claim against Defendants pursuant to 42 U.S.C. § 1985 for violations of the First Amendment as Defendants engaged in a conspiracy; for the purpose of depriving, either directly or indirectly, Salo of the equal protection of the laws, or of equal privileges and immunities under the laws; and acts in furtherance of this conspiracy, whereby Salo was and remains injured and deprived of rights and privileges of a citizen of the United States of America.

80. Salo also brings this claim against Defendants pursuant to 42 U.S.C. § 1986 for violations of the First Amendment as Defendants, having knowledge that any of the wrongs conspired to be done and mentioned as to the 42 U.S.C. § 1985 claims, were about to be committed, and having power to prevent and/or aid in preventing the commission of the same, neglected and refused so to do.

81. Salo also brings this claim against Defendants pursuant to 42 U.S.C. § 1988 for violations of 42 U.S.C. §§ 1983, 1985, and 1986.

82. Salo is both a person and citizen of the United States of America.

83. Salo spoke on matters of public concern.

84.    Defendants took adverse action against Salo based upon Salo's speech on matters of public concern.

85.    The adverse actions of Defendants were based upon speech on matters of public concern that resulted from the policies, customs, and practices of Defendants as directed, compelled, coerced, and significantly encouraged by the state.

86.    Acting under color of state law, Defendants proximately caused the deprivation of Salo's rights under the First Amendment.

87.    Defendants are not entitled to qualified immunity because the instant complaint states constitutional rights, which were clearly established upon the filing of the instant complaint.

88.    **WHEREFORE**, Salo requests that this Honorable Court award Salo civil damages, compensatory damages, appropriate equitable relief, and punitive damages in excess of seventy-five thousand dollars, as well as attorney fees, expenses, costs, and any other relief as this Honorable Court deems just and proper against Defendants, joint and severally.

### COUNT TWO (FEDERAL LAW CLAIM): FOURTH AMENDMENT PRIVACY CLAUSE
### 42 U.S.C. §§ 1983, 1985, 1986, and 1988

89.    Salo reincorporates by reference the allegations set forth above and below as if fully rewritten herein.

90.    At all relevant times, Defendants were persons.

91.    At all relevant times, Defendants were the final policymakers.

92.    At all relevant times, Defendants were acting under the color of state law.

93.    At all relevant times, Defendants were exercising powers traditionally reserved exclusively to the state.

94.     At all relevant times, Defendants were compelled and coerced to act by the state — overtly and covertly — such that the choices of Defendants are that of the state.

95.     At all relevant times, Defendants were significantly encouraged to act by the state — overtly and covertly — such that the choices of Defendants are that of the state.

96.     At all relevant times, there is a sufficiently close nexus between the state and Defendants' conduct so that the conduct may be fairly attributed to the state itself.

97.     Salo brings this claim against Defendants pursuant to 42 U.S.C. § 1983 for violations of the Fourth Amendment to the United States Constitution ("Fourth Amendment"), which provides individuals with the legitimate expectation of privacy from disclosure.

98.     Salo also brings this claim against Defendants pursuant to 42 U.S.C. § 1985 for violations of the Fourth Amendment as Defendants engaged in a conspiracy; for the purpose of depriving, either directly or indirectly, Salo of the equal protection of the laws, or of equal privileges and immunities under the laws; and acts in furtherance of this conspiracy, whereby Salo was and remains injured and deprived of rights and privileges of a citizen of the United States of America.

99.     Salo also brings this claim against Defendants pursuant to 42 U.S.C. § 1986 for violations of the Fourth Amendment as Defendants, having knowledge that any of the wrongs conspired to be done and mentioned as to the 42 U.S.C. § 1985 claims, were about to be committed, and having power to prevent and/or aid in preventing the commission of the same, neglected and refused so to do.

100.    Salo also brings this claim against Defendants pursuant to 42 U.S.C. § 1988 for violations of 42 U.S.C. §§ 1983, 1985, and 1986.

101.    Salo is both a person and citizen of the United States of America.

102. Salo has a legitimate expectation of privacy from disclosure of confidential and personal information by Defendants.

103. Defendants had no legitimate need to disclosure any confidential and personal information of Salo.

104. Acting under color of state law, Defendants disclosed confidential and personal information of Salo with no legitimate need for any such disclosures.

105. The disclosure of Salo's confidential and personal information by Defendants resulted from the policies, customs, and practices of Defendants as directed, compelled, coerced, and significantly encouraged by the state.

106. Acting under color of state law, Defendants proximately caused the deprivation of Salo's rights under the Fourth Amendment.

107. Defendants are not entitled to qualified immunity because the instant complaint states constitutional rights, which were clearly established upon the filing of the instant complaint.

108. **WHEREFORE**, Salo requests that this Honorable Court award Salo civil damages, compensatory damages, appropriate equitable relief, and punitive damages in excess of seventy-five thousand dollars, as well as attorney fees, expenses, costs, and any other relief as this Honorable Court deems just and proper against Defendants, joint and severally.

### COUNT THREE (FEDERAL LAW CLAIM): FOURTH AMENDMENT SEIZURE CLAUSE
### 42 U.S.C. §§ 1983, 1985, 1986, and 1988

109. Salo reincorporates by reference the allegations set forth above and below as if fully rewritten herein.

110. At all relevant times, Defendants were persons.

111.   At all relevant times, Defendants were the final policymakers.

112.   At all relevant times, Defendants were acting under the color of state law.

113.   At all relevant times, Defendants were exercising powers traditionally reserved exclusively to the state.

114.   At all relevant times, Defendants were compelled and coerced to act by the state — overtly and covertly — such that the choices of Defendants are that of the state.

115.   At all relevant times, Defendants were significantly encouraged to act by the state — overtly and covertly — such that the choices of Defendants are that of the state.

116.   At all relevant times, there is a sufficiently close nexus between the state and Defendants' conduct so that the conduct may be fairly attributed to the state itself.

117.   Salo brings this claim against Defendants pursuant to 42 U.S.C. § 1983 for violations of the Fourth Amendment, which protects citizens of the United States of America from unreasonable seizures.

118.   Salo also brings this claim against Defendants pursuant to 42 U.S.C. § 1985 for violations of the Fourth Amendment as Defendants engaged in a conspiracy; for the purpose of depriving, either directly or indirectly, Salo of the equal protection of the laws, or of equal privileges and immunities under the laws; and acts in furtherance of this conspiracy, whereby Salo was and remains injured and deprived of rights and privileges of a citizen of the United States of America.

119.   Salo also brings this claim against Defendants pursuant to 42 U.S.C. § 1986 for violations of the Fourth Amendment as Defendants, having knowledge that any of the wrongs conspired to be done and mentioned as to the 42 U.S.C. § 1985 claims, were about to be

committed, and having power to prevent and/or aid in preventing the commission of the same, neglected and refused so to do.

120.    Salo also brings this claim against Defendants pursuant to 42 U.S.C. § 1988 for violations of 42 U.S.C. §§ 1983, 1985, and 1986.

121.    Salo is both a person and citizen of the United States of America.

122.    Salo has a constitutionally protected right to be free from unreasonable seizures.

123.    Acting under color of state law, Defendants deprived Salo of constitutionally protected rights.

124.    Acting under color of state law, Defendants forcibly completely seized Salo by accosting Salo and restraining his freedom to continue his flight home and abandoning him by means of physical force and a show of authority.

125.    Acting under color of state law, the force used by Defendants was unreasonable.

126.    Acting under color of state law, Defendants proximately caused the deprivation of Salo's rights under the Fourth Amendment.

127.    Defendants are not entitled to qualified immunity because the instant complaint states constitutional rights, which were clearly established upon the filing of the instant complaint.

128.    **WHEREFORE**, Salo requests that this Honorable Court award Salo civil damages, compensatory damages, appropriate equitable relief, and punitive damages in excess of seventy-five thousand dollars, as well as attorney fees, expenses, costs, and any other relief as this Honorable Court deems just and proper against Defendants, joint and severally.

## COUNT FOUR (FEDERAL LAW CLAIM): FOURTEENTH AMENDMENT
## PROCEDURAL DUE PROCESS
## 42 U.S.C. §§ 1983, 1985, 1986, and 1988

129. Salo reincorporates by reference the allegations set forth above and below as if fully rewritten herein.

130. At all relevant times, Defendants were persons.

131. At all relevant times, Defendants were the final policymakers.

132. At all relevant times, Defendants were acting under the color of state law.

133. At all relevant times, Defendants were exercising powers traditionally reserved exclusively to the state.

134. At all relevant times, Defendants were compelled and coerced to act by the state — overtly and covertly — such that the choices of Defendants are that of the state.

135. At all relevant times, Defendants were significantly encouraged to act by the state — overtly and covertly — such that the choices of Defendants are that of the state.

136. At all relevant times, there is a sufficiently close nexus between the state and Defendants' conduct so that the conduct may be fairly attributed to the state itself.

137. Salo brings this claim against Defendants pursuant to 42 U.S.C. § 1983 for violations of the Procedural Due Process Clause of the Fourteenth Amendment to the United States Constitution ("Procedural Due Process Clause"), which provides that "no state shall . . . deprive any person of life, liberty, or property, without due process of law."

138. Salo also brings this claim against Defendants pursuant to 42 U.S.C. § 1985 for violations of the Fourteenth Amendment as Defendants engaged in a conspiracy; for the purpose of depriving, either directly or indirectly, Salo of the equal protection of the laws, or of equal privileges and immunities under the laws; and acts in furtherance of this conspiracy,

whereby Salo was and remains injured and deprived of rights and privileges of a citizen of the United States of America.

139.    Salo also brings this claim against Defendants pursuant to 42 U.S.C. § 1986 for violations of the Fourteenth Amendment as Defendants, having knowledge that any of the wrongs conspired to be done and mentioned as to the 42 U.S.C. § 1985 claims, were about to be committed, and having power to prevent and/or aid in preventing the commission of the same, neglected and refused so to do.

140.    Salo also brings this claim against Defendants pursuant to 42 U.S.C. § 1988 for violations of 42 U.S.C. §§ 1983, 1985, and 1986.

141.    Salo is both a person and citizen of the United States of America.

142.    Salo has a constitutionally protected right to public concern speech.

143.    Salo has a constitutionally protected right to privacy.

144.    Salo has a constitutionally protected right to reputation, honor, and integrity.

145.    Salo has a constitutionally protected right to a name-clearing hearing.

146.    Salo has a constitutionally protected right to be free from unreasonable seizures.

147.    Defendants deprived Salo of constitutionally protected rights.

148.    Acting under color of state law, Defendants denied Salo procedural due process by not providing Salo with notice and opportunity to be heard as to the allegations asserted against Salo.

149.    The deprivation of Salo's constitutionally protected rights without procedural due process by Defendants resulted from the policies, customs, and practices of Defendants as directed, compelled, coerced, and significantly encouraged by the state.

150.   Acting under color of state law, Defendants proximately caused the deprivation of Salo's rights under the Procedural Due Process Clause.

151.   Defendants are not entitled to qualified immunity because the instant complaint states constitutional rights, which were clearly established upon filing of the instant lawsuit.

152.   **WHEREFORE**, Salo requests that this Honorable Court award Salo civil damages, compensatory damages, appropriate equitable relief, and punitive damages in excess of seventy-five thousand dollars, as well as attorney fees, expenses, costs, and any other relief as this Honorable Court deems just and proper against Defendants, joint and severally.

### COUNT FIVE (FEDERAL LAW CLAIM): FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS
### 42 U.S.C. §§ 1983, 1985, 1986, and 1988

153.   Salo reincorporates by reference the allegations set forth above and below as if fully rewritten herein.

154.   At all relevant times, Defendants were persons.

155.   At all relevant times, Defendants were the final policymakers.

156.   At all relevant times, Defendants were acting under the color of state law.

157.   At all relevant times, Defendants were exercising powers traditionally reserved exclusively to the state.

158.   At all relevant times, Defendants were compelled and coerced to act by the state — overtly and covertly — such that the choices of Defendants are that of the state.

159.   At all relevant times, Defendants were significantly encouraged to act by the state — overtly and covertly — such that the choices of Defendants are that of the state.

160.   At all relevant times, there is a sufficiently close nexus between the state and Defendants' conduct so that the conduct may be fairly attributed to the state itself.

161. Salo brings this claim pursuant to 42 U.S.C. § 1983 against Defendants for violations of the Substantive Due Process Clause of the Fourteenth Amendment to the United States Constitution ("Substantive Due Process Clause"), which provides that "no state shall . . . deprive any person of life, liberty, or property, without due process of law."

162. Salo also brings this claim against Defendants pursuant to 42 U.S.C. § 1985 for violations of the Fourteenth Amendment as Defendants engaged in a conspiracy; for the purpose of depriving, either directly or indirectly, Salo of the equal protection of the laws, or of equal privileges and immunities under the laws; and acts in furtherance of this conspiracy, whereby Salo was and remains injured and deprived of rights and privileges of a citizen of the United States of America.

163. Salo also brings this claim against Defendants pursuant to 42 U.S.C. § 1986 for violations of the Fourteenth Amendment as Defendants, having knowledge that any of the wrongs conspired to be done and mentioned as to the 42 U.S.C. § 1985 claims, are about to be committed, and having power to prevent and/or aid in preventing the commission of the same, neglected or refused so to do.

164. Salo also brings this claim against Defendants pursuant to 42 U.S.C. § 1988 for violations of 42 U.S.C. §§ 1983, 1985, and 1986.

165. Salo is both a person and citizen of the United States of America.

166. Salo has a constitutionally protected right to public concern speech.

167. Salo has a constitutionally protected right to privacy.

168. Salo has a constitutionally protected right to reputation, honor, and integrity.

169. Salo has a constitutionally protected right to a name-clearing hearing.

170. Salo has a constitutionally protected right to be free from unreasonable seizures.

171.    Salo has a constitutionally protected right with Defendants.

172.    Acting under color of state law, Defendants deprived Salo of constitutionally protected rights.

173.    Acting under color of state law, Defendants denied Salo substantive due process in an arbitrary and capricious manner and without an adequate explanation.

174.    The deprivation of Salo's constitutionally protected rights without substantive due process by Defendants resulted from the policies, customs, and practices of Defendants as directed, compelled, coerced, and significantly encouraged by the state.

175.    Acting under color of state law, Defendants proximately caused the deprivation of Salo's rights under the Substantive Due Process Clause.

176.    Defendants are not entitled to qualified immunity because the instant complaint states constitutional rights, which were clearly established upon filing of the instant lawsuit.

177.    **WHEREFORE**, Salo requests that this Honorable Court award Salo civil damages, compensatory damages, appropriate equitable relief, and punitive damages in excess of seventy-five thousand dollars, as well as attorney fees, expenses, costs, and any other relief as this Honorable Court deems just and proper against Defendants, joint and severally.

### COUNT SIX (STATE LAW CLAIM):
### BREACH OF WRITTEN CONTRACT

178.    Salo reincorporates by reference the allegations set forth above and below as if fully rewritten herein.

179.    At all relevant times, a written contract existed between Salo and Defendants through the contract of carriage, as well as applicable policies.

180.    At all relevant times, Salo performed the duties required of Salo under the contract of carriage, as well as applicable policies.

181. Defendants owed duties to Salo under the contract of carriage, as well as applicable policies.

182. Defendants breached the contract of carriage between Salo and Defendants.

183. Salo was injured by Defendants' breaches.

184. The actions of Defendants were the cause in fact and proximate cause of Salo's injuries.

185. **WHEREFORE**, Salo requests that this Honorable Court award Salo civil damages, compensatory damages, appropriate equitable relief, and punitive damages in excess of seventy-five thousand dollars, as well as attorney fees, expenses, costs, and any other relief as this Honorable Court deems just and proper against Defendants, joint and severally.

### COUNT SEVEN (STATE LAW CLAIM):
### UNJUST ENRICHMENT

186. Salo reincorporates by reference the allegations set forth above and below as if fully rewritten herein.

187. Salo conferred benefits upon Defendants.

188. At all applicable times, Defendants had knowledge of these benefits.

189. Defendants have retained these benefits under circumstances where it would be unjust to do so without payment.

190. The actions of Defendants were the cause in fact and proximate cause of Salo's injuries.

191. **WHEREFORE**, Salo requests that this Honorable Court award Salo civil damages, compensatory damages, appropriate equitable relief, and punitive damages in excess of seventy-five thousand dollars, as well as attorney fees, expenses, costs, and any other relief as this Honorable Court deems just and proper against Defendants, joint and severally.

### COUNT EIGHT (STATE LAW CLAIM):
### GENERAL NEGLEGENCE

192.  Salo reincorporates by reference the allegations set forth above and below as if fully rewritten herein.

193.  At all relevant times, Defendants owed duties to Salo.

194.  Defendants breached their duties to Salo.

195.  Salo was injured by Defendants' breaches.

196.  The actions of Defendants were the cause in fact and proximate cause of Salo's injuries.

197.  **WHEREFORE**, Salo requests that this Honorable Court award Salo civil damages, compensatory damages, appropriate equitable relief, and punitive damages in excess of seventy-five thousand dollars, as well as attorney fees, expenses, costs, and any other relief as this Honorable Court deems just and proper against Defendants, joint and severally.

### COUNT NINE (STATE LAW CLAIM):
### FALSE IMPRISONMENT

198.  Salo reincorporates by reference the allegations set forth above and below as if fully rewritten herein.

199.  Defendants intentionally detained, confined, and abandoned Salo.

200.  The detention, confinement, and abandonment of Salo by Defendants was unlawful.

201.  The actions of Defendants were the cause in fact and proximate cause of Salo's injuries.

202.  **WHEREFORE**, Salo requests that this Honorable Court award Salo civil damages, compensatory damages, appropriate equitable relief, and punitive damages in excess of seventy-five thousand dollars, as well as attorney fees, expenses, costs, and any other relief as this Honorable Court deems just and proper against Defendants, joint and severally.

**COUNT TEN (STATE LAW CLAIM):**
**WRONGFUL DISCLOSURE OF CONFIDENTIAL AND PERSONAL INFORMATION**

203. Salo reincorporates by reference the allegations set forth above and below as if fully rewritten herein.

204. Acting under color of state law, Defendants maintained personal information relating to Salo pursuant to OHIO REV. CODE ANN. CHAPTER 1347 and applicable laws.

205. Acting under color of state law, Defendants violated OHIO REV. CODE ANN. § 1347.10(A)(1) and applicable laws by intentionally maintaining personal information regarding Salo that Defendants knew, or had reason to know, is inaccurate, irrelevant, no longer timely, or incomplete and may result in harm to Salo.

206. Acting under color of state law, Defendants violated OHIO REV. CODE ANN. § 1347.10(A)(2) and applicable laws by intentionally using or disclosing the personal information of Salo in a manner prohibited by law.

207. Acting under color of state law, Defendants violated OHIO REV. CODE ANN. § 1347.10(A)(3) and applicable laws by intentionally supplying personal information regarding Salo for storage in, or using or disclosing personal information regarding Salo maintained in, a personal information system, that Defendants knew, or had reason to know, is false.

208. Acting under color of state law, Defendants violated OHIO REV. CODE ANN. § 1347.10(A)(4) and applicable laws by intentionally denying Salo the right to inspect and dispute the personal information at a time when inspection or correction might have prevented harm to Salo.

209. Salo was and remains harmed by the use of personal information that relates to Salo and that is maintained in a personal information system.

210. The actions of Defendants were the cause in fact and proximate cause of Salo's injuries.

211. **WHEREFORE**, Salo requests that this Honorable Court award Salo civil damages, compensatory damages, appropriate equitable relief, and punitive damages in excess of seventy-five thousand dollars, as well as attorney fees, expenses, costs, and any other relief as this Honorable Court deems just and proper against Defendants, joint and severally.

### COUNT ELEVEN (STATE LAW CLAIM):
### PUBLIC DISCLOSURE OF PRIVATE FACTS

212. Salo reincorporates by reference the allegations set forth above and below as if fully rewritten herein.

213. Defendants publicly disclosed private facts regarding Salo.

214. The disclosure of facts by Defendants concerned the private life of Salo.

215. The matters disclosed by Defendants are highly offensive and objectionable to a reasonable person of ordinary sensibilities.

216. The public disclosure by Defendants was intentional.

217. The matters publicized by Defendants are not of legitimate concern to the public.

218. The actions of Defendants were the cause in fact and proximate cause of Salo's injuries.

219. **WHEREFORE**, Salo requests that this Honorable Court award Salo civil damages, compensatory damages, appropriate equitable relief, and punitive damages in excess of seventy-five thousand dollars, as well as attorney fees, expenses, costs, and any other relief as this Honorable Court deems just and proper against Defendants, joint and severally.

### COUNT TWELVE (STATE LAW CLAIM):
### FALSE LIGHT

220. Salo reincorporates by reference the allegations set forth above and below as if fully rewritten herein.

221.  Defendants gave publicity to matters concerning Salo that places Salo before the public in a false light.

222.  Defendants invaded Salo's privacy.

223.  The false light in which Salo was placed by Defendants is highly offensive to a reasonable person.

224.  Defendants had knowledge of or acted with reckless disregard as to the falsity of the publicized matter and the false light in which Salo would be placed.

225.  The actions of Defendants were the cause in fact and proximate cause of Salo's injuries.

226.  **WHEREFORE**, Salo requests that this Honorable Court award Salo civil damages, compensatory damages, appropriate equitable relief, and punitive damages in excess of seventy-five thousand dollars, as well as attorney fees, expenses, costs, and any other relief as this Honorable Court deems just and proper against Defendants, joint and severally.

### COUNT THIRTEEN (STATE LAW CLAIM): DEFAMATION

227.  Salo reincorporates by reference the allegations set forth above and below as if fully rewritten herein.

228.  Defendants made false and defamatory statements regarding Salo in writing – i.e., libel.

229.  Defendants made false and defamatory statements regarding Salo verbally – i.e., slander.

230.  The false and defamatory statements made by Defendants about Salo were published without privilege to third parties.

231.  As Salo is neither a public official nor public figure, the false and defamatory statements made by Defendants about Salo were published without privilege to third parties with fault of at least negligence.

232. While Salo is neither a public official nor public figure, the false and defamatory statements made by Defendants about Salo were, nonetheless, published without privilege to third parties with actual malice as Defendants did so with either:

    a.    Knowledge that statements were false; and/or

    b.    Reckless disregard of whether the statements were false or not since Defendants had a high degree of awareness of the statements' probable falsity or, in fact, entertained serious doubts as to the truth of Defendants' publications.

233. The false and defamatory statements made by Defendants about Salo are defamatory per se since, on its face, the matters reflect upon Salo's character in a manner that either (a) caused Salo to be ridiculed, hated, or held in contempt or (b) injured Salo in Salo's trade or profession.

234. The false and defamatory statements made by Defendants about Salo are defamatory per quod since the material is defamatory through interpretation or innuendo.

235. The false and defamatory statements made by Defendants about Salo caused special damage to Salo.

236. The actions of Defendants were the cause in fact and proximate cause of Salo's injuries.

237. **WHEREFORE**, Salo requests that this Honorable Court award Salo civil damages, compensatory damages, appropriate equitable relief, and punitive damages in excess of seventy-five thousand dollars, as well as attorney fees, expenses, costs, and any other relief as this Honorable Court deems just and proper against Defendants, joint and severally.

**COUNT FOURTEEN (STATE LAW CLAIM):**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

238. Salo reincorporates by reference the allegations set forth above as if fully rewritten herein.

239. Defendants either (a) intended to cause emotional distress or (b) knew or should have known that actions taken by Defendants would result in serious emotional distress to Salo.

240. The conduct of Defendants was (a) so extreme and outrageous as to beyond all possible bounds of decency and (b) such that it can be considered as utterly intolerable in a civilized community.

241. The mental anguish suffered by Salo is serious and of a nature that no reasonable person could be expected to endure it.

242. The actions of Defendants were the cause in fact and proximate cause of Salo's injuries.

243. **WHEREFORE**, Salo requests that this Honorable Court award Salo civil damages, compensatory damages, appropriate equitable relief, and punitive damages in excess of seventy-five thousand dollars, as well as attorney fees, expenses, costs, and any other relief as this Honorable Court deems just and proper against Defendants, joint and severally.

## PRAYER FOR RELIEF

244. **WHEREFORE**, Salo requests that this Honorable Court award Salo civil damages, compensatory damages, appropriate equitable relief, and punitive damages in excess of seventy-five thousand dollars, as well as attorney fees, expenses, costs, and any other relief as this Honorable Court deems just and proper against Defendants, joint and severally.

## JURY DEMAND

245.  Salo hereby demands a trial by jury on all issues of the within action.

Respectfully submitted,

/s/ Matthew John Markling
Matthew John Markling (0068095)
McGown & Markling Co., L.P.A.
1894 North Cleveland-Massillon Road
Akron, Ohio 44333
Telephone: 1.330.670.0005
Facsimile: 1.330.670.0002
Email: mmarkling@mcgownmarkling.com

*Attorney for Plaintiff Ryan J. Salo*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing will be sent electronically and via regular mail

to the following on February 3, 2023:

Michael P. Carbone
Vice-President, Associate General Counsel
JetBlue Airways Corporation
27-01 Queens Plaza North
Long Island City, New York 11101
michael.carbone@jetblue.com

*General Counsel for Defendant JetBlue Airways Corporation*

/s/ Matthew John Markling
Matthew John Markling (0068095)